UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:25-cv-07000-JLS-JPR  Date: October 28, 2025
Title:  Guadalupe A. Andrade v. General Motors LLC et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:  (IN CHAMBERS)  ORDER DENYING MOTION TO REMAND (Doc. 12)**

Before the Court is a Motion to Remand filed by Plaintiff Guadalupe A. Andrade. (Mot., Doc. 12.)  Defendant General Motors LLC opposed, and Plaintiff responded. (Opp., Doc. 13; Reply, Doc. 16.)  Having taken this matter under submission, and for the following reasons, the Court DENIES Plaintiff's Motion.

**I.      BACKGROUND**

On March 19, 2025, Plaintiff filed this action in Los Angeles County Superior Court against Defendant, alleging claims for violations of the Song-Beverly Act and violation of the Magnuson-Moss Warranty Act ("MMWA") arising out of Plaintiff's purchase of a 2017 Chevrolet Silverado 1500 (the "Subject Vehicle").  (Ex. A to Notice of Removal ("NOR"), Compl. ¶¶ 6, 8–44, Doc. 1-1.)  Plaintiff alleges that she is "a resident of Stockton, California" and that Defendant is "a limited liability company organized under the laws of the State of Delaware[.]"  (*Id.* ¶¶ 3–4.)  The Complaint contains no allegations as to the amount in controversy, though the action was filed in state court as an unlimited civil action with the amount demanded exceeding $35,000. (*Id.* at 3; *see generally id.*)  Plaintiff seeks "all damages permitted by law[,]" including actual damages, "a civil penalty in the amount of two times Plaintiff's actual damages[,]"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:25-cv-07000-JLS-JPR | Date: October 28, 2025 |
| Title:  Guadalupe A. Andrade v. General Motors LLC et al | |

and attorneys' fees.  (*Id.* at 16.)  Plaintiff served her Complaint on Defendant on March 24, 2025.  (Ex. 1 to Yang Decl., Doc. 12-1.)

Defendant removed the action to federal court on July 30, 2025, invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (NOR at 1, Doc. 1.)  Defendant's removal is based on the results of a "preliminary investigation" it conducted "[i]n [the] 30 days" prior to the date of removal, through which Defendant "determined that Plaintiff's citizenship and the reasonable, non-speculative estimation of the amount in controversy placed at issue … plausibly g[ave] rise to [federal] subject matter jurisdiction."  (*Id.* at 2.)  The Notice of Removal states that complete diversity of citizenship exists, as Defendant is a citizen of Michigan and Delaware, and Plaintiff is a citizen of California based on her allegations of residency in California and the results of Defendant's preliminary investigation showing "that Plaintiff resided in California when she purchased the subject vehicle, and on other occasions[.]"  (*Id.* at 3.)  The Notice of Removal states that the amount in controversy exceeds $75,000, based on an "estimate of actual damages of $44,408.29" (calculated based on the estimated purchase price of the Subject Vehicle reduced by statutory offsets), and including civil penalties of up to two times the amount of actual damages and attorneys' fees.  (*Id.* at 5–6.)

Plaintiff moved to remand the case on August 15, 2025, arguing that Defendant's removal was untimely.  (Mot.)  Plaintiff so argues because the Complaint "included a Federal Cause of Action under the Magnuson-Moss Warranty Act" and because upon receipt of the Complaint, Defendant "had more than sufficient information at its disposal to provide a plausible allegation regarding the satisfaction of the jurisdictional threshold … especially given that the make, model, year, and VIN, were included [in the Complaint.]"  (Mot. at 7–9.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-07000-JLS-JPR                                                    Date: October 28, 2025
Title:  Guadalupe A. Andrade v. General Motors LLC et al

## II.     **LEGAL STANDARD**

A defendant may remove a case that was filed in state court to a federal court in the same district and division if the federal court would have had original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a)–(b); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or complete diversity between the parties, *see* 28 U.S.C. § 1332.  A federal court has federal question jurisdiction over certain lemon-law actions under the Magnuson-Moss Warranty Act where "the amount in controversy is [more] than the sum or value of $50,000 ... computed on the basis of all claims to be determined in this suit."  15 U.S.C. § 2310(d)(1)(B), (d)(3)(B).  A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the parties to the action are citizens of different states and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a).

A removing defendant's Notice of Removal must include "plausible allegations of the jurisdictional elements." *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1069 (9th Cir. 2021).  "[T]he amount in controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014); *see also id.* (applying *Dart Cherokee* outside the CAFA context). However, "[i]t is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (cleaned up, internal quotation marks omitted).  "[T]he defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "We strictly construe the removal statute against removal jurisdiction," meaning that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Id.*

Generally, a notice of removal must be filed within thirty days of the defendant's receipt of the initial pleading.  28 U.S.C. § 1446(b)(1).  But "[i]f the case stated by the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-07000-JLS-JPR                                    Date: October 28, 2025
Title:  Guadalupe A. Andrade v. General Motors LLC et al

initial pleading is not removable," then a notice of removal must be filed within thirty days of the defendant's receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  *Id.* § 1446(b)(3).  However, a defendant may "remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines" and does so "within one year of the commencement of the action."  *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125–26 (9th Cir. 2013); *see also* 28 U.S.C. § 1446(c)(1).

## III.   ANALYSIS

### A.   Timeliness of Removal

Plaintiff argues that Defendant's removal was untimely because the Complaint contained a claim under the MMWA and was sufficient for Defendant to determine the amount in controversy.  (Mot. at 7–10.).  However, federal jurisdiction under the MMWA exists only if the amount in controversy is at least $50,000.  *Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1037 (9th Cir. 2004); 15 U.S.C. § 2310(d)(3)(B).  Accordingly, the first thirty-day removal period is triggered only if the requisite amount in controversy was set forth on the face of the Complaint.[1]  *See Carvalho v. Equifax Information*

---

[1] Defendant argues that the amount in controversy under the MMWA should "not include remedies available under the Song Beverly Act, such as civil penalties." (Opp. at 16.)  In so arguing, Defendant cites to *Critney v. National City Ford, Inc.*, which held that "all claims" as used within the MMWA for the purposes of calculating the jurisdictional amount in controversy "most likely refers to the sum of all the individual [MMWA] claims," rather than all claims in the lawsuit.  255 F. Supp. 2d 1146, 1148 (S.D. Cal. 2003).  Several courts within this Circuit have followed this analysis.  *See, e.g.*, *Lou v. Am. Honda Motor Co., Inc.*, 2022 WL 18539358, at *6 (N.D. Cal. Aug. 26, 2022).  However, other courts within this Circuit have expressed skepticism that civil penalties available under the Song Beverly Act should be excluded when assessing the amount in controversy under the MMWA.  *See, e.g.*, *Lavi v. Mercedes Benz USA LLC*, 2025 WL 1843112, at *2 (C.D. Cal. Feb. 7, 2025).  Because Plaintiff's Complaint is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-07000-JLS-JPR                        Date: October 28, 2025
Title: Guadalupe A. Andrade v. General Motors LLC et al

*Services, LLC*, 629 F.3d 876, 885 (9th Cir. 2010) (quotation omitted). The Court concludes that it was not.[2]

      The Complaint includes no specific allegations from which actual damages may be determined. (*See generally* Compl.) Rather, it includes the VIN of the Subject Vehicle and states that Plaintiff seeks to recover "actual damages in an amount according to proof [and] restitution[.]" (*Id.* at 16.) Yet the Complaint does not specify the total cash price paid or payable—let alone the approximate value, mileage, or condition—of the Subject Vehicle. The absence of such information prevented Defendant from estimating the actual damages sought. This also rendered Plaintiff's request for "a civil penalty in the amount of two times Plaintiff's actual damages[.]" virtually meaningless. (*Id.*) Defendant therefore could not have determined from Plaintiff's Complaint whether the requisite amount in controversy was satisfied. Accordingly, the thirty-day removal clock did not begin to tick upon Defendant's receipt of the initial pleading.

      Plaintiff separately argues that Defendant's Notice of Removal fails to set forth how its preliminary investigation "support[s] an objectively reasonable basis for seeking removal within the second 30-day window." (Mot. at 10.) Such argument misunderstands the basis for Defendant's removal and the removal statute. "[A] defendant [may] remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." *Roth*, 720 F.3d at 1125. Here, Defendant's removal is based not on an "amended pleading" or "other paper[,]" but rather on its own information as acquired through a preliminary investigation within one year of the commencement of the action. Defendant's removal within thirty days of the completion of its investigation was timely. (*See* NOR at 2.)

---

entirely indeterminate as to actual damages, the Court need not resolve this issue in considering Plaintiff's Motion.

  [2] In light of this conclusion, the Court need not reach Defendant's additional argument that Plaintiff's citizenship was not set forth on the face of the Complaint. (*See* Opp. at 19–20.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-07000-JLS-JPR                                                      Date: October 28, 2025
Title:  Guadalupe A. Andrade v. General Motors LLC et al

    **B.**    **Propriety of Removal**

    Without specifically challenging any of Defendant's jurisdictional allegations made in the Notice of Removal, Plaintiff's Motion challenges the propriety of removal on grounds of timeliness.  (*See* Mot. at 10–11.)  However, in reply, Plaintiff argues that Defendant fails to "show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold."  (Reply at 5–7.)  "[A]rguments raised for the first time in a reply brief are waived."  *Autotel v. Nevada Bell Tel. Co.*, 697 F.3d 846, 852 n.3 (9th Cir. 2012).  Nonetheless, the Court must assure itself of subject matter jurisdiction.  *Gaus*, 980 F.2d at 566; *see also Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 593 (2004).  In so doing, the Court considers whether defendant's Notice of Removal plausibly set forth the parties' citizenship and includes "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold[,]" as Defendant's allegation was not questioned by the Court or timely questioned by Plaintiff.  *Dart Cherokee*, 574 U.S. at 89; *see also Dalton v. FCA US LLC*, 2020 WL 3868389, at *2 (C.D. Cal. July 9, 2020) (Staton, J.) (proceeding similarly); *Ayad v. Nissan N. Am., Inc.*, 2025 WL 2490849, at *2 n.1 (C.D. Cal. Aug. 29, 2025) ("Because Plaintiffs do not contest and the Court does not question Defendant's allegation, Defendant did not need to present evidence establishing the amount."); *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 700–01 (9th Cir. 2018) ("The preponderance of the evidence standard applies only after the plaintiff contests, or the court questions, the defendant's allegation[.]") (internal quotation and citation omitted).

    Regarding diversity of citizenship, Defendant's Notice of Removal states that its "preliminary investigation [] concluded that Plaintiff resided in California when she purchased the subject vehicle, and on other occasions, establishing a plausible basis for intent to remain in California[.]"  (NOR at 3.)  *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("The natural person's state citizenship is [] determined by her state of domicile … [a] person's domicile is her permanent home, where she resides

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-07000-JLS-JPR                                                  Date: October 28, 2025
Title:  Guadalupe A. Andrade v. General Motors LLC et al

with the intention to remain or to which she intends to return."). And the Notice of Removal provides that Defendant is a citizen of Michigan, where it has its principal place of business, and Delaware, its state of incorporation. (*See* NOR at 3); *see also* 28 U.S.C. § 1332(c)(1).  The Court is satisfied that Defendant has sufficiently alleged complete diversity of citizenship.

As to the amount in controversy, the Notice of Removal states that Defendant's investigation showed Plaintiff's actual damages to be at least $44,408.29, considering the $55,642.00 purchase price for the Subject Vehicle and subtracting from that figure "mileage offset, third-party service contracts, manufacturer's rebate, and negative equity." (NOR at 4–5.)  Defendant's Notice of Removal then estimated that a potential amount in controversy would "more than exceed the jurisdictional threshold" based upon Plaintiff's request for civil penalties in an amount two times the total actual damages as well as Plaintiff's request for attorneys' fees. (NOR at 5–6.)  While civil penalties "cannot simply be assumed," *Castillo v. FCA USA, LLC*, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019), the Complaint alleges Defendant's willful behavior (*see* Compl. ¶¶ 17, 24, 28), which adequately supports the inclusion of civil penalties in the amount in controversy.  *See Pulver v. Nissan N. Am., Inc.*, 2025 WL 1766529, at *6 (C.D. Cal. June 25, 2025) (concluding similarly).  The Court concludes that Defendant has met its burden to plausibly allege that the amount in controversy exceeds $75,000.

Because Defendant's Notice of Removal plausibly alleged diversity of citizenship and that the amount in controversy meets the requisite jurisdictional threshold, Defendant satisfied its burden of establishing the propriety of removal.  *See Gaus*, 980 F.2d at 566.

**IV.    CONCLUSION**

For the above reasons, Plaintiff's Motion is DENIED.

Initials of Deputy Clerk: kd